*Abbott v. Gay, et al.*
Complaint

MARK T. SCHOENHOFER, #15781
1631 E. 1ST STREET
WICHITA, KANSAS 67214
(316)262-5400
FAX: (316) 262-1787
EMAIL: mydefensefirst@yahoo.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| THE ESTATE OF<br>SEAN EUGENE ABBOTT, deceased,<br>by and through ANDREW SEAN ABBOTT,<br>as Special Administrator of the Estate and as;<br>heir at law of SEAN EUGENE ABBOTT, deceased,<br>                             Plaintiffs,<br>v.<br><br>CHAD GAY, in his official Capacity as<br>Harvey County Sheriff,<br>and<br>ADVANCED CORRECTIONAL<br>HEALTHCARE, INC.<br>[SERVE: CT Corporation System,<br>208 So. Laselle St., Ste. 814<br>Chicago, Il. 60604],<br>                             Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

**COMES NOW** the Plaintiffs, by and through their attorney Mark T. Schoenhofer, and for their cause of action and claim for relief against the Defendants, allege and state as follows:

### Jurisdiction

1. This Court has subject matter jurisdiction herein pursuant to 28 U.S.C. § 1331, as one of Plaintiff's claims against Defendants involves a federal question. This court may assert

1

*Abbott v. Gay, et al.*
Complaint

supplemental jurisdiction on the state law-based claim of negligence as against the defendants. The amount in controversy is in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and cost.

2. Venue is proper in this District pursuant to 28 U.S.C. §1391(a).

3. Andrew Sean Abbott is an heir at law of Sean Abbott, and brings this cause of action on behalf of all heirs-at-law of Sean Abbott.

4. Andrew Sean Abbott, as special administrator of the estate of Sean Abbott, is the duly appointed representative of the estate of Sean Abbott, deceased.

5. Andrew Sean Abbott is a resident of Texas, with a legal address of 403 Buttercup Creek Blvd., Apt. T-2, Cedar Park, Texas 78613.

6. On September 2, 2019, **proper notice of a negligence claim pursuant to K.S.A. §12-105(b)(d)** was served on the Harvey County Board of County Commissioners and the Harvey County Clerk. More than 120 days has passed since the service of that notice. An action against the Harvey County Sheriff may now commence.

7. Defendant Chad Gay was at all times relevant hereto the Sheriff of Harvey County, Kansas, and may be served with process at the Harvey County Sheriff's Office, 120 E. 7th Street, #901, Newton, Kansas 67114.

8. Defendant Advanced Correctional Healthcare, Inc. (Hereinafter "Advanced"), is a for-profit Illinois corporation in good standing and operating in the state of Kansas, whose current mailing address is 3922 W Baring Trace, Peoria, IL 61615. Advanced may be served with process

2

*Abbott v. Gay, et al.*
Complaint

through its agent, CT Corporation System, 208 So. Laselle St., Suite 814, Chicago, Il. 60604.

**Statement of Claims**

9. At all relevant times, defendant Chad Gay was responsible for:

– directing, supervising, managing, and controlling the Harvey County Sheriff's Department and the Harvey County Adult Detention Facility.

– promulgating and enforcing the Harvey County Sheriff Department's policies and procedures, including the policies regarding administration of the Harvey County Adult Detention Facility and the humane treatment of prisoners therein.

– hiring, training, educating and supervising all Harvey County Sheriff Department's deputies (including detention deputies and staff), officers, agents, and personnel.

– ensuring the safety, physical welfare and health of all Harvey County jail inmates.

– ensuring that proper medical care and treatment was available, accessible, and administered to all Harvey County jail inmates in need.

– enforcing the laws of the United States and State of Kansas.

This defendant's liability arises from his negligence and recklessness. Defendant Chad Gay is also liable for the actions, omissions and failures of his detention deputies under the doctrine of Respondeat Superior and/or other doctrines of recognized law, including their failure to properly observe, monitor and care for Plaintiff Decedent, their failure to notify Advanced that Plaintiff Decedent was in distress, their failure to transport Plaintiff Decedent to the hospital for proper care and treatment, and their failure to render aid. This defendant's liability also arises from the cruel and unusual treatment that Sean Eugene Abbott (hereinafter the Plaintiff Decedent) endured while in the custody of this defendant.

*Abbott v. Gay, et al.*
Complaint

     10. Advanced contracted with Harvey County, to provide medical, mental health, and dental health care services, and specialty health care services and administrative support at the Harvey County Adult Detention Facility. This Defendant's liability arises from its deviations from the standard of care, its failures, its omissions, its denials and its indifference to the mental and physical health and safety of the Plaintiff Decedent; and, from the negligent acts, omissions and failures of its infirmary/clinic nurses, nurse aids, physician assistants, agents and employees with regard to their observations, diagnoses, administration of medicine, and its treatment and care–or lack thereof--of Plaintiff Decedent, from Tuesday July 23, 2019 to Friday, July 26, 2019.

     11. From July 23, 2019 to July 26, 2019, Plaintiff Decedent was an inmate at the Harvey County Adult Detention Facility. During his incarceration there, Plaintiff Decedent suffered from alcohol withdrawal, Delirium Tremens, hallucinations, chills, shaking, Ataxia, dehydration, and ultimately death. Defendant Chad Gay and his detention officers, and Advanced and its nurse practitioners, nurse aids, physician assistants, employees and agents, knew or should have known: a) that the Plaintiff Decedent was at risk of death and required hospitalization or closer, more attentive and more reasonable medical observation, treatment and care; b) that Plaintiff Decedent was in severe medical distress; c) Plaintiff Decedent was not being properly observed, cared for, or medically treated, and; d) the conditions of Plaintiff Decedent's incarceration were inhumane, cruel and unusual. The treatment of the Plaintiff Decedent-- or the lack thereof --was a breach of duty owed to the Plaintiff Decedent by all defendants, and the medical care and treatment he received–or lack thereof-- was a deviation from the standard of care. As a

*Abbott v. Gay, et al.*
Complaint

proximate and legal cause of the defendants' breach of duty to Plaintiff Decedent, Plaintiff

Decedent endured needless pain and suffering, and death.

    12. Background:

    *On Tuesday July 23, 2019 Plaintiff Decedent was arrested by Newton Police Officer Stan Kurtz.

    *Officer Kurtz recognized Plaintiff Decedent, and knew he had an outstanding warrant for a possible probation violation.

    *Kurtz knew the Plaintiff Decedent suffered from alcohol abuse, and knew Plaintiff Decedent was clearly under the influence of alcohol at the time of his arrest.

    *Kurtz transported Plaintiff Decedent to the Harvey County Detention Facility, where he was processed into the jail.

    *The jail staff and clinic staff observed Plaintiff Decedent, and knew or should have known he was under the influence of alcohol.

    *The jail staff also knew or should have known Plaintiff Decedent was an alcoholic.

    *Plaintiff Decedent was not transported to a hospital, or observed and/or examined by a medical doctor for an opinion before being processed into the jail.

    *Plaintiff Decedent was not taken by jail personnel to a hospital, or observed and/or examined by a physician, until he had died in the jail.

    *Jail staff and Advanced personnel should have recognized, but failed to recognize, that Plaintiff Decedent had a serious acute medical condition from alcohol withdrawal, and failed to transport him to a hospital or to ensure that he would receive the level and type of care that a reasonably competent and skilled health care professional, with a similar background and in the same medical community, would have provided under the circumstances that led to the Plaintiff Decedent's death.  Because of all defendant's acts and omissions, Plaintiff Decedent suffered extreme physical and psychological pain, and ultimately death.

    *On Thursday, July 23, 2019, Officer Kurtz, visited Plaintiff Decedent in the jail, and observed his physical condition.  Kurtz called Plaintiff Decedent's sister and told her Plaintiff Decedent was shaking violently, and was deteriorating quickly.  Kurtz stated "we think we will

*Abbott v. Gay, et al.*
Complaint

have to take him to the Newton Medical Center." Meredith, Plaintiff Decedent's sister, encouraged Kurtz to do so, remarking "Sean won't make it on his own."

\*Harvey County detention staff did not transport Plaintiff Decedent to the hospital. On Friday, July 23, 2019, after suffering days of painful withdrawal, Plaintiff Decedent was found unresponsive and without a pulse in his cell. Plaintiff Decedent did not respond to CPR. EMS was called, and Plaintiff Decedent was taken to the hospital, where he was pronounced dead.

13. At all times relevant hereto, defendant Gay --- as the Harvey County Sheriff --- was responsible for the hiring, firing, training, discipline, supervision and conduct of all Harvey County Sheriff deputies and jail staff, and responsible for the promulgation and enforcement of Harvey County Sheriff's Department Policies, Procedures, Rules and Regulations. He had authority over, and the responsibility for the safety and physical well being of Harvey County jail prisoners, including but not limited to the Plaintiff Decedent. At all times hereto, Defendant Gay acted under color of law.

14. At all times relevant hereto, defendant Advanced was responsible for the medical care and treatment of the Plaintiff Decedent while he was in the Harvey County jail. Advanced failed to properly observe, treat and care for the Plaintiff Decedent. Advanced infirmary/clinic nurses, nurse aids, physician assistants, employees and agents deviated from the standard of care in their observation, treatment and care of Plaintiff Decedent.

## NEGLIGENCE

15. **Defendant Gay was negligent in the following ways**:

A. Defendant Gay owed a duty of reasonable care to those in his custody–including the Plaintiff Decedent, including the duty to take reasonable steps to prevent the death of Plaintiff

6

*Abbott v. Gay, et al.*
Complaint

Decedent. Defendant Gay failed to take reasonable measures to ensure the safety and humane treatment of Plaintiff Decedent.

B. Defendant Gay had the power and the duty to prevent or aid in the prevention of Plaintiff Decedent's needless and unnecessary physical pain, suffering, and death, by the adoption of and enforcement of a policy that prevents the housing of an inmate who is under the influence of alcohol to the degree he is incapacitated unless a medical doctor has given written approval for incarceration. Such a policy is widely adopted and enforced in county jails across the country. Defendant Gay failed to promulgate and enforce such a policy, and Plaintiff Decedent was housed in the Harvey County Jail without seeing a doctor for more than three days, during which time he suffered acute alcohol withdrawal and death.

C. Defendant Gay had the power and the duty to prevent or aid in the prevention of Plaintiff Decedent's needless and unnecessary physical pain, suffering, and death, by the adoption of and enforcement of a policy that mandates regular and repeated observation of inmates who are suffering acute alcohol withdrawal. Defendant Gay failed to promulgate and enforce such a policy here.

D. Defendant Gay had the power and the duty to prevent or aid in the prevention of Plaintiff Decedent's needless and unnecessary physical pain, suffering, and death, by the adoption of and enforcement of a policy that mandates that any inmate who suffers from acute alcohol withdrawal be transported to a hospital for observation and treatment by a medical doctor. Defendant Gay failed to promulgate and enforce such a policy here.

*Abbott v. Gay, et al.*
Complaint

 E.  Defendant Gay failed to reasonably monitor and supervise the performance of his jail staff in their observation and treatment of Plaintiff Decedent.

 F.  Defendant Gay failed to adequately train and educate his jail deputies, personnel, employees and staff on the dangers of acute alcohol withdrawal, the signs of serious physical distress during alcohol withdrawal, the risk of death during acute alcohol withdrawal, and the appropriate jail response when such signs are present in an inmate.

 G.  Defendant Gay is vicariously liable for the negligent acts and omissions of his deputies, personnel, employees and staff at the jail, including: 1) the failure to reasonably watch, observe and monitor Plaintiff Decedent during the course of his confinement; 2) the failure to attend to and assist the Plaintiff Decedent during obvious physical distress and illness; 3) the failure to render proper medical aid to the Plaintiff Decedent, or to call for medical aid while Plaintiff Decedent was evidencing clear signs of physical distress, including hallucinations, chills, shaking, Ataxia, dehydration, and lack of appetite; 4) the failure to transport the Plaintiff Decedent to a hospital when he was showing clear signs of physical distress and was at high risk of death; and 5) the failure to communicate to Advanced staff that Plaintiff Decedent was in physical distress.

 16) **Defendant Advanced is negligent in the following ways**:

 A.  Advanced, its infirmary/clinic, nurses, nurse aids, physician assistants, and medical staff knew or should have known that Plaintiff Decedent was in severe medical distress for three days while being kept in a jail cell, and failed to provide the standard care and treatment for his

*Abbott v. Gay, et al.*
Complaint

condition. Advanced personnel should have recognized, but failed to recognize, that Plaintiff Decedent had a serious acute medical condition from alcohol withdrawal that placed him at risk of death.

B. Advanced, its infirmary/clinic, nurses, nurse aids, physician assistants, and medical staff failed in its duty to transport Plaintiff Decedent to the hospital–or to recommend to the Sheriff that he or one of his officers transport Plaintiff Decedent to the hospital, for reasonable care and treatment, when it was not equipped in the jail to provide reasonable care.

C. Advanced, its infirmary/clinic, nurses, nurse aids, physician assistants, and medical staff failed in its duty to ensure that the Plaintiff Decedent received the level and type of care that a reasonably competent and skilled health care professional, with a similar background and in the same medical community, would have provided under the circumstances that led to the Plaintiff Decedent's death.

D. Advanced, its infirmary/clinic, nurses, nurse aids, physician assistants, and medical staff knew that Plaintiff Decedent was evidencing clear signs of acute alcohol withdrawal and physical distress, including hallucinations, chills, shaking, Ataxia, dehydration, and lack of appetite. Advanced failed in its duty to regularly observe Plaintiff Decedent during this period of time. Observations of Plaintiff Decedent by Advanced medical personnel while Plaintiff Decedent was "detoxing" and had been "seeing things that weren't there", was – in the written recorded opinion of one of the nurses on duty – a discretionary matter (telling another nurse "that's up to you").

*Abbott v. Gay, et al.*
Complaint

E. Defendant Advanced is negligent for failing to properly educate, train, and supervise its nurses, nurse aids, physician assistants and healthcare staff in the diagnosis and treatment of acute alcohol withdrawal and Delirium Tremens.  Advanced is also negligent for failing to properly educate, train, and supervise its nurses, nurse aids, physician assistants and healthcare staff in urgent care.

F. Advanced is vicariously liable for the negligence (the violation of standard reasonable medical care) of its  infirmary/clinic, nurses, nurse aids, physician assistants, and medical staff under the theory of Respondeat Superior. Advanced, and it's the infirmary/clinic staff, nurses and physician assistants, and other medical staff had a professional duty to provide standard reasonable medical care, and they breached that duty.

17)  As a direct and proximate result of all defendants' gross and ordinary negligence, and recklessness, as set forth above, Plaintiff Decedent endured needless pain and suffering and death, all to the damage of the Plaintiffs.

## 42 U.S.C. §1983 CLAIM

18.  **Knowledge of Misconduct**.   Defendant Gay had knowledge or, if he had diligently exercised his duties to hire, fire, discipline, train, and supervise on a continuing basis, he would have had knowledge that the wrongs alleged herein were being committed.

19.  **Deliberate Indifference and Custom/Policy/Practice/Culture of Misconduct**.

Defendant Gay participated in the creation and allowance of a
 custom/policy/practice/culture of cruel and unusual confinement conditions of prisoners in his

*Abbott v. Gay, et al.*
Complaint

jail, including subjecting inmates to incarceration without reasonable medical care. By failing to take any remedial action, and in creating and allowing this culture of misconduct, Defendant Gay was deliberately indifferent to the substantial risk of death by the Plaintiff Decedent.

20. Defendant Gay had the power and responsibility to prevent, or aid in preventing, the misconduct that took place. He could have, and should have, done so by reasonable diligence. Instead, by knowingly, recklessly, and/or with deliberate indifference and callous disregard of Plaintiff Decedent's rights, he failed to take action.

21. Plaintiffs further plead that the various actions and omissions and failures by Defendant Gay over the years before the events at direct issue herein --- all as set out in detail herein --- demonstrated that:

> a. The Harvey County jail deputies, under the direction, supervision, and authority of Defendant Gay has permitted jail inmates to suffer from scabies without medical attention for days, despite numerous requests from the inmates for medical care.
>
> b. The Harvey County jail deputies, under the direction, supervision, and authority of Defendant Gay has failed to provide medical attention to inmates who have entered the jail with serious medical conditions and/or injuries, despite numerous requests from those inmates for medical care
>
> c. The Harvey County jail deputies, under the direction,

*Abbott v. Gay, et al.*
Complaint

        supervision, and authority of Defendant Gay has forced inmates to a dark jail cell 24 hours a day, for several days, despite numerous requests for light.

        d.  Defendant Gay knew or should have known these cruel and unusual confinement conditions were occurring in his jail, and he was deliberately indifferent to the existence of these conditions and the risk that serious harm or death could result to an inmate deprived of proper medical care and safe living conditions.

    22.  **Affirmative Links–Responsibilities for Conduct**.  Plaintiffs assert that there were affirmative links between the actions and omissions of Defendant Gay and the actions and omissions and failures of his detention deputies, and Defendant Gay should be held liable for the actions and omissions and failures of his detention deputies.  Defendant Gay personally participated in and/or acquiesced in the constitutional deprivations of which this complaint is made and/or demonstrated deliberate indifference in his exercise of responsibilities for hiring, firing, disciplining, training and supervising of his personnel.

    23.  **Ratification**.  The actions and omissions of Defendant Gay constituted authorization and/or approval and/or ratification of the culture of cruel and unusual confinement conditions that is tolerated in the Harvey County Jail.  The actions and omissions of Defendant Gay actually supported the violation of rights alleged herein.   All of this gives rise to the liability and responsibility of Defendant Gay.

*Abbott v. Gay, et al.*
Complaint

24. The actions and omissions and failures of Defendant Gay demonstrated deliberate indifference to the safety and welfare of inmates, specifically the Plaintiff Decedent. Accordingly, Defendant Gay is liable under the Civil Rights Act of 1871, 42 U.S.C. §1983 et seq. for damages caused to Plaintiffs, including but not limited to the Eighth Amendment prohibition against cruel and unusual punishment. Defendant' actions and omissions caused or contributed to cause Plaintiff Decedent to suffer pain and death, all of which entitles Plaintiffs to an award from this Court for compensatory relief against Defendant Gay. Plaintiff Decedent specifically suffered deprivation of federal rights and also – in connection therewith – physical, emotional and mental pain and suffering, anxiety, fright, nervousness, indignity, insult, and death.

25. At all times relevant hereto, Defendant Gay, while acting under color of state law, caused Plaintiff Decedent to be subjected to the deprivation of rights and privileges secured by the United States Constitution.

**WHEREFORE**, and by reason of the foregoing, Plaintiffs prays for an award of compensatory damages, an award of exemplary damages, attorney fees and expenses of the attorney, the costs of this action, and for such and other and further relief as to the Court deems fair, reasonable, just and equitable.

*Abbott v. Gay, et al.*
Complaint

Respectfully Submitted,


/S/ MARK T. SCHOENHOFER
Mark T. Schoenhofer, Kan. Sup. Ct. No. 15781
Attorney for Plaintiff
1631 E. 1st Street
Wichita, Kansas 67214
(316) 262-5400
Fax: 316-262-1787


**REQUEST FOR TRIAL BY JURY**

Comes Now, the Plaintiffs, pursuant to applicable Kansas law, and respectfully makes request for trial by jury of twelve (12) persons on all issues herein above joined.


/S/ MARK T. SCHOENHOFER
Mark T. Schoenhofer, Kan. Sup. Ct. No. 15781


**DESIGNATION OF PLACE OF TRIAL**

Plaintiff designates Kansas City, Kansas as the place of trial.


/S/ MARK T. SCHOENHOFER
Mark T. Schoenhofer, Kan. Sup. Ct. No. 15781