UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

THE ESTATE OF SEAN EUGENE ABBOTT, )
deceased, by and through ANDREW SEAN )
ABBOTT as Special Administrator of the )
Estate and as heir at law of SEAN )
EUGENE ABBOTT )
)
)
                **Plaintiff,** )
  v. )   Case No. 5:20-cv-03101-SAC
)
CHAD GAY, et al., )
)
                **Defendant.** )

**ANSWER TO PLAINTIFF'S COMPLAINT
ON BEHALF OF ADVANCED CORRECTIONAL HEALTHCARE, INC.**

COMES NOW Defendant, Advanced Correctional Healthcare, Inc. (hereinafter "ACH"), by and through counsel, and, for its Answer to Plaintiff's Complaint, states as follows:

**Jurisdiction**

1. This Defendant admits that this Court has subject matter jurisdiction over causes of action created by federal statute and that this Court can assert supplemental jurisdiction over related state-law claims such as negligence, however these Defendants deny the validity of the claims presented in this complaint, or that the value of said claims or amount in controversy is in excess of $75,000.

2. This Defendant denies the allegations set forth in paragraph 2 of Plaintiff's Complaint.

3. This Defendant is without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 3 of Plaintiff's Complaint, and therefore denies same.

4. This Defendant is without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 4 of Plaintiff's Complaint, and therefore denies same.

1

5. This Defendant is without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 5 of Plaintiff's Complaint, and therefore denies same.

6. This Defendant is without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 6 of Plaintiff's Complaint, and therefore denies same.

7. This Defendant is without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 7 of Plaintiff's Complaint, and therefore denies same.

8. This Defendant admits the allegations set forth in paragraph 8 of Plaintiff's Complaint.

**Statement of Claims**

9. The allegations contained in paragraph 9 of Plaintiff's Complaint are not directed towards this Defendant, and therefore this Defendant does not respond to paragraph 9 of Plaintiff's Complaint. However, if any of the allegations contained in paragraph 9 of Plaintiff's Complaint are construed to be directed towards this Defendant, then this Defendant denies same in its entirety.

10. This Defendant denies each and every allegation contained in paragraph 11 of Plaintiff's Complaint.

11. This Defendant is without sufficient information or knowledge to admit or deny the allegations regarding anything that allegedly occurred to Plaintiff prior to his incarceration at the Harvey County Detention Facility, and therefore denies same. This Defendant denies the remainder of the allegations contained in paragraph 12 of Plaintiff's Complaint.

12. This Defendant is without sufficient information or knowledge to admit or deny the allegations set forth in paragraph 13 of Plaintiff's Complaint, and therefore denies same.

13. This Defendant denies all of the allegations contained in paragraph 14 of Plaintiff's Complaint.

## NEGLIGENCE

14. The allegations contained in paragraph 15 of Plaintiff's Complaint are not directed towards this Defendant, therefore this Defendant does not respond to this paragraph. However, if any of the allegations contained in paragraph 15 are construed to be directed towards this Defendant, then this Defendant denies same in its entirety.

15. This Defendant denies the allegations, and all subparts, contained in paragraph 16 of Plaintiff's Complaint.

16. This Defendant denies the allegations contained in paragraph 17 of Plaintiff's Complaint.

## 42 U.S.C. § 1983 Claim

18-25. None of the allegations contained in paragraphs 18-25 of Plaintiff's Complaint are directed towards this Defendant. Therefore, this Defendant does not respond to paragraphs 18-25. However, if these paragraphs are construed to be allegations against this Defendant, then this Defendant denies same.

## Affirmative Defenses

1. This Defendant affirmatively states that Plaintiff's Complaint fails to state a claim upon which relief can be granted against it and therefore this action must be dismissed.

2. This Defendant states that the fault of all parties to the occurrence, whether or not parties of this action, must be compared in this action pursuant to Kansas Law.

3. This Defendant states that any potential recovery against it should be reduced and/or limited by the Kansas statutes applicable to claims against healthcare providers.

4. This Defendant states that Plaintiff's Complaint fails to state the nature of any items of special damages claimed, as required by Federal Rules of Civil Procedure. Therefore, Plaintiff's damages should be limited to those specifically pled.

5. This Defendant states that any alleged injury sustained by Plaintiff was not the result of this Defendant's conduct, but rather the alleged injury or damage is a result of an intervening and superseding cause and/or was preexisting.

6. This Defendant states that it cannot be held vicariously liable for the actions of other providers. See K.S.A. Section 40-3403(h).

7. Plaintiff's claims must be barred for lack of subject matter jurisdiction.

8. To the extent that Plaintiff's Complaint attempts to state a cause of action, if any under state law, this Defendant asserts that it is protected from liability to the extent allowed under Kansas' public duty doctrine and/or Kansas' official immunity doctrine and/or sovereign immunity.

13. That any and all acts or actions committed by this Defendant was discretionary in nature and taken in good faith, and this Defendant is protected from liability by the doctrines of qualified immunity, official immunity, absolute immunity and/or judicial immunity to the extent applicable.

14. This Defendant acted with objective reasonableness under the circumstances then existing, and its conduct was justified and/or privileged.

15. This Defendant states that in the event Plaintiff is entitled to, or is awarded any damages, he is not entitled to any recovery for mental or emotional injury for the reasons set forth in the Prison Litigation Reform Act and 42 U.S.C. Section 1997(e)e.

16. Plaintiff's claims are barred or his damages are reduced due to the comparative fault of others over whom this Defendant had no control or vicarious responsibility.

17. Alternatively, the comparative fault of Plaintiff bars or reduces his recovery.

18. This Defendant denies the allegations concerning the nature and extent of Plaintiff's damages.

19. Plaintiff has failed to mitigate his damages.

20. The applicable statutory caps for personal injury and government liability restrict what plaintiff may recover against this Defendant.

21. This Defendant expressly reserves the affirmative defenses set out in K.S.A. 60-212(b)(1) through (b)(7), together with the right, pursuant to K.S.A. 60-215, to assert any and all other affirmative defenses disclosed during the course of discovery in the instant case, as well as all such defenses and denials which are provided or contemplated by K. S. A. 60-208(b) and (c), K.S.A. 60-212(b), (c), K.S.A. 60-213(h) and K.S.A. 60-214, waiver and estoppel.

23. This Defendant reserves the right to assert additional affirmative defenses, as the same may become known through the course of discovery or at the time of the Pre-Trial Order.

24. This Defendant states that Plaintiff failed to join all parties under Federal Rule of Civil Procedure 19.

25. This Defendant states that Plaintiff's Amended Complaint is frivolous within the meaning of 28 USC § 1915(d) as Plaintiff has no reasonable likelihood of success on the merits.

WHEREFORE, having fully answered Plaintiff's Complaint, this Defendant prays that it be discharged from this action, that it receives its costs and expenses herein incurred and for such other and further relief as the Court deems just and proper.

**Defendant's Demand for Jury Trial**

This Defendant demands a trial by jury.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant Advanced Correctional Healthcare, Inc. requests that this Court dismiss Plaintiff's cause of action at Plaintiff's own cost.

Respectfully submitted,

*/s/ J. Thaddeus Eckenrode*
J. Thaddeus Eckenrode KS Bar #78569
ECKENRODE-MAUPIN, Attorneys at Law
11477 Olde Cabin Rd., Ste. 110
St. Louis, MO 63141
(314) 726-6670 (Telephone)
(314) 726-2106 (Fax)
jte@eckenrode-law.com
*Attorney for Defendant ACH*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was served via electronic mail and court's electronic filing system on this 23rd day of April, 2020 to the following:

**Mark T. Schoenhofer**
1631 E. 1st Street
Wichita, Kansas 67214
mydefensefirst@yahoo.com
*Attorney for Plaintiff Andrew Sean Abbot*

and via U.S. mail to:

**Chad Gay**
120 E, 7th St, Office #901
Newton, Kansas 67114
cgay@harveycounty.com
*Co-Defendant*

*/s/ Libby Cozzoni*

6